**ARCTIC EXPRESS, INC., Plaintiff,**

**v.**

**UNITED STATES of America, DEPARTMENT OF TRANSPORTATION, FEDERAL HIGHWAY ADMINISTRATION, Defendant.**

No. Civ.A. 2:95–CV–418.

United States District Court,
S.D. Ohio,
Eastern Division.

Aug. 1, 1996.

James Ward Muldoon, Muldoon, Pemberton & Ferris, Worthington, OH, for Arctic Express Inc., plaintiff.

James Evan Rattan, United States Attorney's Office, Columbus, OH, for United States of America; Department of Transportation, Federal Highway Administration, defendant.

## OPINION AND ORDER

KING, United States Magistrate Judge.

Plaintiff, a motor carrier, brings this declaratory judgment action under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, seeking to quash or stay enforcement of an administrative subpoena issued to it by the Federal Highway Administration. Defendant has asserted a counterclaim for enforcement of the subpoena. With the consent of the parties, 28 U.S.C. § 636(c), this matter is before the Court on defendant's motion for summary judgment.

In March 1995, defendant issued a subpoena to plaintiff requiring production of documents by April 25, 1995.[1] *See Subpoena* (attached as exhibit A to *Complaint for Declaratory Judgment* (Apr. 24, 1995)); *see also* 49 U.S.C.App. § 502(d).[2] A rider attached to that subpoena requires the production of:

1) post-accident controlled substance test information for 1994;

2) administrative records pertaining to its controlled substance testing program for 1994;

3) all Qualcomm data reports;[3] and

4) records of duty status and load for eleven named drivers.

---

1. The subpoena originally required production by April 3, 1995, but the deadline was extended pursuant to a motion filed by plaintiff.

2. 49 U.S.C. § 502, which governs the general authority of the Secretary of Transportation with respect to motor carriers, provides in pertinent part:

   (d) The Secretary may subpoena witnesses and records related to a proceeding or investigation under this chapter from a place in the United States to the designated place of the proceeding or investigation. If a witness disobeys a subpoena, the Secretary, or a party to a proceeding or investigation before the Secretary, may petition the district court for the judicial district in which the proceeding or investigation is conducted to enforce the subpoena. The court may punish a refusal to obey an order of the court to comply with a subpoena as a contempt of court.

3. The phrase "Qualcomm data reports" refers to a system of satellite tracking using computers installed in each truck.

*Subpoena Rider* (attached as exhibit A to *Complaint for Declaratory Judgment* (Apr. 24, 1996)).

The complaint alleges that plaintiff has substantially complied with items one and two of the subpoena rider. The complaint further alleges that defendant has already reviewed the documents listed in item four, and is welcome to do so again. According to the complaint, plaintiff does not possess, nor is it required to possess, the remaining documents, *i.e.,* Qualcomm data reports. The complaint therefore alleges that paragraph three of the subpoena rider is unenforceable.

Additionally, the complaint alleges that defendant has retrieved gate receipts and other records from plaintiff's customers and receivers, but, thereafter denied plaintiff access to those records. Defendant admits that it has refused to make available to plaintiff copies of at least some of those records.

The complaint seeks an Order from the Court quashing paragraph three of the subpoena and compelling defendant to provide to plaintiff copies of the gate receipts and other records obtained from plaintiff's customers and receivers during the course of defendant's investigation of plaintiff's facility. Defendant has filed a counterclaim under the Motor Carrier Safety Act, 49 U.S.C. § 501 *et seq.,* seeking enforcement of all outstanding portions of the administrative subpoena, including:

1. The identity of the driver for each of the random drug test results;

2. Information relating to the drug testing program;

3. Driver records of duty status logs;

4. Bills of lading and load sheets;

5. All Qualcomm data reports retained by plaintiff, including all records retained on computer or other electronic means and all hard copies of such records.

*Defendant's Motion for Summary Judgment,* at 10 (Jan. 3, 1996).

Defendant moves the Court to dismiss the complaint on summary judgment[4] and to order plaintiff to comply with the subpoena. The procedure for granting summary judgment is found in Fed.R.Civ.P. 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position is insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson,* 477 U.S. at 251, 106 S.Ct. 2505.

According to defendant's motion for summary judgment, defendant in the past six years has undertaken a number of safety compliance reviews of plaintiff, all of which found evidence of violations of Federal Motor Carrier Safety Regulations. Defendant asserts that it is currently investigating plaintiff's compliance with driver drug testing re-

---

4. Plaintiff contends that defendant's motion for summary judgment, filed on January 3, 1996, is untimely. Plaintiff is apparently relying upon a preliminary pretrial order, which states in pertinent part:

> By including such a statement in the Order, the Court did not intend to establish an absolute

deadline. Even assuming that the Order established such a deadline, the Court concludes that plaintiff has suffered no prejudice in light of the fact that defendant filed its motion within two business days of the date that it would have been required to file the motion.

quirements and with regulations requiring drivers to accurately record driver-related activities and to rest for at least eight hours after driving the maximum allowable hours.

Steven M. Mattioli, program specialist and special agent for the Office of Motor Carriers, Federal Highway Administration, avers that agents of defendant visited the offices of plaintiff in February 1995. *Declaration of Steven M. Mattioli,* ¶ 3 (attached as exhibit E to *Defendants' Motion for Summary Judgment* (Jan. 3, 1996)). Mr. Mattioli avers that the agents made that visit pursuant to agency policy requiring follow-up compliance review after an enforcement case has been brought against a carrier. *Declaration of Steven M. Mattioli,* ¶ 3. Mr. Mattioli further avers that plaintiff refused to produce, *inter alia,* Qualcomm reports as requested. *Mattioli Declaration,* ¶ 4.

Plaintiff contends that the subpoena is excessive and unduly burdensome, seeks information not relevant to a legitimate investigation, and falls outside the scope of Title 49 of the Code of Federal Regulations. Plaintiff, complaining specifically about the subpoena's demand for Qualcomm reports, references 49 C.F.R. § 395.8, which governs drivers' records of duty status under Federal Motor Carrier Safety Regulations, and which provides in pertinent part:

(a) ... [E]very motor carrier shall require every driver used by the motor carrier to record his/her duty status for each 24 hour period using the methods prescribed in either paragraph (a)(1) or (2) of this section.

(1) Every driver who operates a commercial motor vehicle shall record his/her duty status, in duplicate, for each 24–hour period. The duty status time shall be recorded on a specified grid....

(2) Every driver who operates a commercial motor vehicle shall record his/her duty status by using an automatic on-board recording device....

Plaintiff argues that it has chosen to comply with subsection (1) of 49 C.F.R. § 395.8(a), and is therefore not required to maintain electronic Qualcomm reports under subsection (2). Defendant does not contest plaintiff's assertion that plaintiff has satisfied subsection (1), and that plaintiff is not required to maintain Qualcomm reports, but disputes plaintiff's contention that plaintiff may, by reason of its compliance with 29 C.F.R. § 395.8(a)(1), nevertheless refuse to produce documents in plaintiff's possession and demanded in an administrative subpoena issued pursuant to 49 U.S.C. § 502. Plaintiff concedes that it has installed Qualcomm systems on its vehicles, but argues that it has done so only for the benefit of its customers, not for the purpose of complying with federal regulations.

Plaintiff's compliance with 49 C.F.R. § 395.8(a) is not in dispute in this action. Rather, the central issue before this Court is whether plaintiff may be required to produce Qualcomm information in its possession as sought by the administrative subpoena. In *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), the United States Supreme Court held that an administrative subpoena is enforceable if the following criteria are satisfied:

1) the investigation is being conducted for a legitimate purpose;

2) the material sought is relevant to that legitimate purpose;

3) the agency issuing the subpoena does not yet possess the information; and

4) the agency has followed the proper administrative steps.

*Powell,* 379 U.S. at 57–58, 85 S.Ct. 248; *see also United States v. Markwood,* 48 F.3d 969 (1995). Plaintiff apparently concedes that defendant does not possess the Qualcomm information and that defendant has followed the proper administrative steps. The Court will consider whether defendant's investigation of plaintiff is being conducted for a legitimate purpose and whether the material being sought is relevant for that purpose.

■ Plaintiff strongly disputes the legitimacy of defendant's investigation. Plaintiff contends, without any supporting documentation, that it has been the subject of a disproportionate number of investigations despite having the highest safety rating available. Defendant contends that the current investigation is a required follow-up investigation of

an earlier enforcement action against plaintiff. *Mattioli Declaration,* ¶ 3.

Even if plaintiff has been the subject of a disproportionate number of investigations, that fact alone does not render illegitimate the present investigation.[5] Indeed, plaintiff does not dispute either that it has been the subject of previous enforcement actions, or that the Federal Highway Administration policy requires a follow-up compliance review under such circumstances. Based upon the record before it, the Court concludes that defendant issued the subpoena in pursuance of a legitimate investigation.

■ The record also reflects that the Qualcomm reports would be invaluable in verifying plaintiff's duty status logs and in determining whether plaintiff and its drivers have complied with safety regulations, including those regulations limiting the maximum allowable driving hours. Accordingly, the Court concludes that the Qualcomm reports are relevant to a legitimate investigation. The administrative subpoena at issue in this action is therefore enforceable.

Plaintiff does not challenge the direct relevance of *Powell* to this action. Instead, plaintiff cites three cases in an attempt to demonstrate that the subpoena at issue is unlawful. One such case is *EEOC v. Ford Motor Credit Co.,* 26 F.3d 44 (6th Cir.1994), which plaintiff cites for the proposition that the information sought by the subpoena must be relevant. The Court has already concluded that the subpoena satisfies this test.

Plaintiff cites *University of Pennsylvania v. EEOC,* 493 U.S. 182, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990), for the proposition that subpoenas may not be unduly burdensome. In *University of Pennsylvania,* the EEOC brought an action to enforce a subpoena

seeking confidential peer review materials relating to the tenure review process of a former faculty member who allegedly had been discriminated against on the basis of race and sex. The Supreme Court, in affirming enforcement of the subpoena in that instance, articulated the following standard:

> The Court must ... satisfy itself that the charge is valid and that the material requested is relevant to the charge ..., and assess [whether] the demand for information is too indefinite or has been made for an illegitimate purpose.

*University of Pennsylvania,* at 191, 110 S.Ct. 577 (internal quotations omitted). Plaintiff cites *United States v. Morton Salt Co.,* 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401 (1950), for the proposition that the subpoena must be definite in nature.

Although it is unclear whether the charge has merit, it is undisputed that the charge of safety violations is a valid charge. Moreover, the subpoena in this instance sets forth in a clear and unmistakable manner the nature of the documents being sought. Plaintiff readily admits that the information is available. Plaintiff has indicated that it does not want agents of the defendant to review the reports on plaintiff's computer system, but plaintiff has offered no evidence that it would present an undue burden for plaintiff to retrieve the information sought by the subpoena and to forward that information to defendant. Accordingly, the Court concludes that defendant's motion for summary judgment, as it relates to the defendant's subpoena for Qualcomm reports, is meritorious.

Defendant also contends that plaintiff has failed to fully comply with other portions of the subpoena. *See Mattioli Affidavit,* ¶ 13.[6] Plaintiff has neither challenged agent Mattioli's declaration in this regard nor offered any

---

5. Plaintiff has filed a supplemental brief to which it has attached a report of a safety and compliance review investigation, wherein inspector Haskins, purportedly acting on behalf of defendant, issued a satisfactory rating to plaintiff. Defendant does not dispute the validity of the document, but points out that Haskins was acting under Ohio, not federal, authority. Defendant further argues that the State of Ohio exceeded its authority in that investigation. In any event, the fact that plaintiff may have received a satisfactory safety rating is irrelevant to the issue before

the Court, to wit: whether the administrative subpoena is enforceable.

6. Specifically, agent Mattioli avers that plaintiff has refused to provide:
   a. drug test results identified by driver name, etc.;
   b. most, if not all, information pertaining to plaintiff's controlled substance testing program;
   c. driver records of duty status ("logs");
   d. bills of lading;·
   e. load sheets; and

justifiable basis for its failure to comply with those portions of the subpoena. Accordingly, defendant's motion for summary judgment, as it relates to all outstanding portions of the subpoena, is meritorious.

Finally, defendant seeks the dismissal of plaintiff's complaint, including that portion asking that the defendant be required to produce to the plaintiff copies of gate receipts and other records obtained from plaintiff's customers and receivers. Defendant specifically contends that this portion of the complaint is without jurisdictional foundation. Plaintiff has failed to respond to the motion for summary judgment in this regard. Because the Court is not persuaded that it is vested with jurisdiction to entertain this claim, defendant's motion for summary judgment, as it relates to the records obtained by defendants from plaintiff's customers and receivers, is meritorious.

For the foregoing reasons, defendant's motion for summary judgment is GRANTED. Plaintiff's complaint is DISMISSED and plaintiff is ORDERED to comply with the all outstanding portions of the administrative subpoena. Plaintiff is FURTHER ORDERED to desist from destroying records and information demanded in the subpoena.

A status conference will be scheduled forthwith.

f.  the Qualcomm reports in plaintiff's possession.

*Mattioli Affidavit,* ¶ 13.